Charles Robinson, CPA Legislative Auditor State Capitol Room 172 Little Rock, AR 72201
Dear Mr. Robinson:
This is in response to your request for an opinion on the following question:
 If the State Board of Education, in accordance with Ark. Code Ann. § 6-20-1206(c), establishes a maximum rate of interest at which school bonds may be sold at a level below the maximum lawful rate described at Ark. Code Ann. § 6-20-1206(b), what is the maximum rate of interest that may be paid by a school district under the provisions of Ark. Code Ann. § 6-20-402?
It is my understanding that since the passage of Act 550 of 1981, which amended A.C.A. § 6-20-402 to limit the interest that may be paid on school district indebtedness, the rate of interest paid by school districts has generally been in accordance with A.C.A. § 6-20-1206(b) which defines "maximum lawful rate" as:
 [A] rate of interest equal to five percent (5%) per annum above the Federal Reserve discount rate on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district in which Arkansas is located at the time a bid for bonds is accepted.
We cannot state, based upon our review of the relevant Code sections, that payment of this rate would not withstand scrutiny by a court. The question posed essentially involves construction of A.C.A. §§ 6-20-402 and 6-20-1206, in the absence of case law or any other legislative enactment offering guidance. The "maximum rate of interest permitted by law," as set forth under §6-20-402(c), could be construed either as the "maximum lawful rate" defined above (§ 6-20-1206(b)), or a lower maximum rate as set by the State Board of Education under § 6-20-1206(c). This latter subsection states:
 The State Board of Education is authorized to set a maximum rate of interest at which school bonds may be sold under the conditions stated in subsection (w) of this section at any level below the maximum lawful rate.
The ambiguity in the reference under § 6-20-402(c) to the "maximum rate of interest permitted by law" supports a review of the legislative history of the relevant provisions. This history suggests that the "maximum rate of interest permitted by law" is the rate set in § 6-20-1206(b). The State Board of Education's authority to set a lower rate was first set forth in Act 56 of the First Extraordinary Session of 1980, § 1. The title to this act states in part that its purpose is to amend Ark. Stat. § 80-1106 (now A.C.A. § 6-20-1206) "to increase the maximum rate of interest at which bonds of local school districts . . . may be sold." The rate was increased from the prior rate of 7% (Act 64 of the First Extraordinary Session of 1970, § 1) to 8%. The 1980 act then states: "The State Board of Education is hereby authorized to set a maximum rate of interest at which school bonds may be sold under the conditions stated in (a) above at any level below the maximum set in this section." (Emphasis added.)
The language of § 6-20-402 with regard to the lawful rate on school district indebtedness first appeared in Act 550 of 1981 as follows: "The rate of interest on such obligation shall not exceed the maximum rate of interest permitted by law (Ark. Stat. 80-1106) on bonds of local school districts." As noted above, the language of Act 56 of 1980 (1st Ex. Sess.) indicates that the legislature perceived that the maximum rate would be set in Section 1 of that act. The State Board of Education would then have the authority to set a lower rate. The maximum rate was again increased in 1981 (Act 812 of 1981, § 1), from the former 8% to 10%. The emergency clause of Act 812 states that the act "is necessary to increase the maximum authorized rate of interest to be paid on school bonds to ten percent (10%) per annum. . . ." Acts 1981, No. 812, § 2. Act 880 of 1983 then established the "maximum lawful rate," as it currently appears in § 6-20-1206,supra. The emergency clause of Act 880 states that the act is necessary because school districts are unable to finance essential public education facilities "within the present maximum interest rate limitations on debt obligations. . . ." Acts 1983, No. 881, § 6.
It is therefore my opinion that the legislative history of these provisions supports the proposition that the maximum rate of interest referenced in § 6-20-402(c) is the "maximum lawful rate" as defined in § 6-20-1206(b). A court may, however, reach the opposite conclusion if it accepts the contention that §6-20-402(c) is clear on its face. This would in all likelihood lead to the conclusion that the "maximum rate of interest permitted by law" includes a rate set by the State Board of Education under § 6-20-1206(c). We cannot predict with certainty the outcome of a court challenge on this issue. This lack of certainty strongly suggests the need for legislative clarification of A.C.A. § 6-20-402(c).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb